J. ANDREW HOWARD (State Bar No. 268269)
KIMBERLY CHEMERINSKY (State Bar No. 277637)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California  90071
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100
Email:      andy.howard@alston.com
            kim.chemerinsky@alston.com

Attorneys for Plaintiff
**HERITAGE GROUP, LLC**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERITAGE GROUP, LLC,<br><br>             Plaintiff,<br><br>   v.<br><br>JSL, CORP. D/B/A HERITAGE GROUP,<br>and DOES 1-60, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125;**<br>**(2) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A);**<br>**(3) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500, *ET SEQ.*; AND**<br>**(4) DECEPTIVE TRADE PRACTICES UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

The Heritage Group, LLC. ("Tennessee Heritage Group" or "Plaintiff"), by and through its undersigned attorneys, asserts the following as its claims against JSL, Corp. d/b/a Heritage Group ("California Heritage Group" or "Defendant JSL").

## PARTIES AND JURISDICTION

1.      Plaintiff Tennessee Heritage Group is a Tennessee limited liability corporation with a primary place of business in Nashville, Tennessee.

2.      Upon information and belief, Defendant JSL is a Delaware corporation with a principal place of business at 2800 28th Street, Suite 321, Santa Monica, CA. Its registered agent for service of process is Eresidentagent, Inc., 1013 Centre Road, Suite 403S, Wilmington, Delaware.

3.      Plaintiff is presently unaware of the true names of the Defendants who are sued herein under the fictitious names Does 1 through 60.  Plaintiff will amend its Complaint to set forth those Defendants' true names and capacities when they become known.  On information and belief, Does 1-60 are liable to Plaintiff on the claims alleged herein.

4.      Plaintiff is informed and believes, and thereon alleges, that each Defendant was at all times relevant hereto the agent and/or employee of each of the other Defendants and, in do the things alleged in this Complaint, was acting within the course and scope of such agency and employment.

5.      This is an action to redress Defendants' infringement of Plaintiff's trademarks and unfair competition in violation of 15 U.S.C. § 1125(a)(1) and Defendant's trademark infringement and unfair competition in violation of the laws of the State of California.

6.      The Court has jurisdiction over the subject matter of Plaintiff's claims for relief arising under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  The Court has original or supplemental jurisdiction over the subject matter of Plaintiff's claims for relief under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b) and 1367.  In addition, the Court has diversity

jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are residents of different states and the amount at issue is more than $75,000.

7.     The Court has personal jurisdiction over Defendant JSL because, upon information and belief, Defendant JSL's primary place of business is in this state and this district.  Further, upon information and belief, Defendant JSL systematically transacts business in the State of California and provides and markets its services to California consumers, all while using the infringing marks at issue in this proceeding. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because, upon information and belief, a substantial portion of Defendant JSL's actions as alleged herein are occurring in this district and are causing damage to Plaintiff's intellectual property rights.

8.     Plaintiff has systematically and continuously used the trademark HERITAGE GROUP (the "Mark") in interstate commerce for venture capital-related services in the healthcare space on a national basis since at least May of 1986.

9.     The Tennessee Heritage Group has expended substantial time and financial resources in the development and promotion of the Mark over the last thirty years and the Mark has achieved significant recognition and goodwill as a result.

10.    The Tennessee Heritage Group also has two trademark applications pending at the United States Patent and Trademark Office.  One is for the Mark HERITAGE GROUP (Ser. No. 86906833) and the other is for the Mark HERITAGE GROUP PARTNERS IN HEALTHCARE [AND DESIGN] (Ser. No. 86906841). Both HERITAGE GROUP Marks seek registration for use with "[f]ormation and management of private equity funds and venture capital funds in the area of healthcare; providing venture capital and private equity financing for companies; making direct investment in companies for others; making secondary and primary investments for others; financial services, namely, financial management, financial asset management, financial investments and offerings in the fields of venture capital

and private equity funds; providing advice and facilitating collaboration between investors and portfolio companies in the area of healthcare" in International Class 36.

11.    Plaintiff offers these services all over the country.

12.    Upon information and believe, Defendant JSL is also offering venture capital-related services in interstate commerce in the field of healthcare using the identical mark HERITAGE GROUP.

13.    Upon information and belief, Defendant JSL began offering venture capital-related services in the field of healthcare long after Plaintiff has used the Marks or on or around mid-2013.

14.    Defendant JSL offers its services within the same channels of trade within which Plaintiff does business.   For example, both companies market their services to a limited group of individuals and entities that are looking to invest in startup healthcare companies.   Further, once this capital is obtained, both companies market their services to the same type of client, i.e. young healthcare companies.

15.    Plaintiff is aware of several incidents of actual confusion by members of the venture-capital community, who have confused the two entities.   By way of one example only, a website that provides news and information regarding the venture capital industry confused the two companies and incorrectly credited investments made by Defendant JSL to Plaintiff.   Plaintiff relayed this incident and others to Defendant JSL and demanded that Defendant JSL stop infringing its Mark and confusing the venture capital industry.   Defendant refused to stop using the Mark.

16.    Since Defendant's refusal to stop using the mark, at least two additional instances of actual confusion have occurred.

17.    Services offered under Plaintiff's Marks have enjoyed tremendous commercial success and are viewed by investors and other members of the venture capital marketplace as source identifiers for Plaintiff.   Plaintiff's Marks have been extensively advertised in both print and electronic form, with Plaintiff having spent

LEGAL02/36458466v3

substantial sums of money advertising and promoting the services offered under Plaintiff's Marks.

18.     Defendant JSL's use of the mark HERITAGE GROUP are confusingly similar to that of Plaintiff's HERITAGE GROUP Marks, such that when the marks are used in connection with Defendant's services, they so nearly resemble the Plaintiff's Marks as to be likely to cause confusion, to cause mistake or to deceive. Consumers are likely to falsely believe that the services of the Defendant offered under the Defendant's HERITAGE GROUP mark are sponsored, endorsed or approved by Plaintiff, or are in some way affiliated, connected or associated with the Tennessee Heritage Group.

19.     Due to the fact that the parties are using identical marks, on extremely similar services in the healthcare space, and in overlapping trading areas, confusion is not only likely, it is inevitable.  In fact, actual confusion is already occurring.  In addition to the incidents of actual confusion already shared with the Defendant in the parties' pre-litigation correspondence, in April of this year, a young healthcare IT company seeking funding confused the Tennessee Heritage Group with the California Heritage Group and, a few days later, the Tennessee Heritage Group was contacted by another industry professional who erroneously believed it was responsible for an investment made by the California Heritage Group.

20.     Any defect, objection or fault found with any of Defendant JSL's services offered under the Mark will cause consumer confusion and injure the valuable reputation and goodwill that Plaintiff has built up and established under its HERITAGE GROUP formative marks. Defendant's actions as herein described affect interstate commerce, deceive consumers, and is causing actual harm to Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Infringement of Trademarks Against Defendant JSL and Does 1-10)

21.     Plaintiff repeats and realleges the allegations in preceding paragraphs 1-20 as if fully set forth herein.

22.     Defendants' unauthorized advertisement, promotion, display, offering for sale, sale, and distribution of the Defendants' services bearing a trademark that is confusingly similar to Plaintiff's HERITAGE GROUP Mark described above constitutes trademark infringement in violation of the United States Trademark Act, 15 U.S.C. § 1125.

23.     Defendants' use of Plaintiff's HERITAGE GROUP Mark is likely to confuse and mislead consumers and cause damage to Plaintiff's Mark and goodwill.

24.     Defendants' willful and deliberate infringement of Plaintiff's trademarks as described above has caused and continues to cause irreparable harm to Plaintiff.

25.     Unless restrained and enjoined by this Court, Defendants will persist in their infringement of Plaintiff's trademarks, thereby causing Plaintiff further irreparable harm.

26.     Plaintiff has no adequate remedy at law.

27.     All conditions precedent to the recovery of the relief sought in this First Claim for Relief have occurred, have been met or have been waived.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition Against Defendant JSL and Does 11-20)

28.     Plaintiff repeats and realleges the allegations in preceding paragraphs 1-27 as if fully set forth herein.

29.     Defendants' unauthorized advertisement, promotion, display, offering for sale, sale, and distribution of Defendants' goods and services bearing the Plaintiff's trademarks or a mark that is confusingly similar thereto constitute the use in commerce, on or in connection with Defendants' goods, of words, terms, names, symbols, or devices, or combinations thereof, and false designations of origin, and false or misleading descriptions or representations of fact, that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin of Defendants' goods and commercial activities with, or their sponsorship or approval by, Plaintiff, in

5

COMPLAINT

violation of § 43(a)(1)(A) of the United States Trademark Act, 15 U.S.C. § 1125(a)(1)(A).

30.    Defendants' use of Plaintiff's Mark is likely to confuse (and is actually confusing) members of the venture capital community and give Defendants the advantage of Plaintiff's long-established excellent reputation in this field, when Defendants are not entitled to trade on Plaintiff's good will.

31.    Defendants' willful and deliberate unfair competition as described above affects interstate commerce and has caused and continues to cause irreparable harm to Plaintiff.

32.    Unless restrained and enjoined by this Court, Defendants will persist in their unfair competition, thereby causing Plaintiff further irreparable harm.

33.    Plaintiff has no adequate remedy at law.

34.    All conditions precedent to the recovery of the relief sought in this Second Claim for Relief have occurred, have been met or have been waived.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition and False Advertising in Violation of California State Law Against Defendant JSL and Does 21-30)**

35.    Plaintiff repeats and realleges the allegations in preceding paragraphs 1-34 as if fully set forth herein.

36.    By its actions as described herein, Defendants intend to pass off their goods as those offered by, approved by, sponsored by or affiliated with Plaintiff and are doing so in this district, by offering its services using the infringing trademarks, as well as by other sales and marketing techniques targeting consumers in this district and elsewhere.

37.    Defendant knew, or in the exercise of reasonable care, should have known, that its use of the Mark was misleading and likely to cause confusion.

LEGAL02/36458466v3

38.     Defendants' unlawful activities constitute trademark infringement, unfair competition and false advertising as proscribed by common law and statute in the State of California.

39.     As a result of Defendants' unfair competition and false advertising, Plaintiff has suffered and will continue to suffer substantial and irreparable harm for which it has no adequate remedy at law.

40.     Plaintiff is entitled to any and all remedies available under California law for trademark infringement, unfair competition, and false advertising, including damages in an amount to be proved at trial, restitution, as well as preliminary and permanent injunctive relief.

41.     Defendants' acts of trademark infringement, unfair competition and false advertising have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

42.     Defendants have engaged and continues to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against it, in an amount to be determined at the time of trial.

43.     Defendants' acts of trademark infringement, unfair competition and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

44.     All conditions precedent to the recovery of the relief sought in this Third Claim for Relief have occurred, have been met or have been waived.

## FOURTH CLAIM FOR RELIEF

### (Deceptive Trade Practices Against Defendant JSL and Does 31-40)

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 - 44 of this Complaint as if fully set forth herein.

LEGAL02/36458466v3

46.     Defendant has and is engaged in acts and practices that constitute violation of the prohibition against deceptive trade practices found at California Business & Professions Code § 17200, et seq. and California common law.

47.     The use of Plaintiff's marks by Defendants creates the unavoidable and unreasonable risk that consumers will conclude that there exists some affiliation, connection, or association between and among Plaintiff and Defendants.

48.     The natural and probable effect of Defendants' use of Plaintiff's Marks in the manner alleged is to enable Defendants to deceive and confuse the public.

49.     Defendants' use of Plaintiff's Marks or a confusingly similar variation thereof in the manner alleged constitutes deceptive trade practices of the type prohibited by California law.

50.     Defendants have actual knowledge of Plaintiff's rights at the time it decided to continue to use Plaintiff's intellectual property in connection with the marketing of its goods and services, despite Plaintiff's request that it stop using its marks.  Thus, Defendants willfully and deliberately infringed and continue to violate Plaintiff's rights and engage in deceptive trade practices.

51.     Upon information and belief, Defendants' unfair business practices are of a recurring nature and are harmful to consumers and the public at large, as well as to Plaintiff.   These practices constitute unlawful, unfair, fraudulent and deceptive business practices and unfair, deceptive, untrue and misleading advertising.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

52.     Plaintiff is entitled to any and all remedies available under California law for Defendants' unfair business practices and deceptive trade practices, including damages in an amount to be proved at trial, restitution, as well as preliminary and permanent injunctive relief.

LEGAL02/36458466v3

53.     Defendants' unfair business practices and deceptive trade practices have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

54.     Plaintiff is without an adequate remedy at law because Defendants' acts as set forth herein are causing great and irreparable damage to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.

55.     All conditions precedent to the recovery of the relief sought in this Fourth Claim for Relief have occurred, have been met or have been waived.

## DEMAND FOR JURY TRIAL

56.     Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1.      That Defendants, and their respective officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, or any of them, who receive actual notice of the injunctions requested herein by personal service or otherwise, be preliminarily and then permanently restrained and enjoined from:

(a)     Producing, advertising, promoting, displaying, offering for sale, selling, or distributing Defendants' goods or services bearing a mark that is confusingly similar to in Plaintiff's HERITAGE GROUP Marks as described herein; and

(b)     Doing any other act or thing that is likely to cause persons to believe that Defendant's goods or commercial activities originate with, or are licensed, sponsored, or authorized by, Plaintiff; and

(c)     That Defendants be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and to serve on counsel for Plaintiff, within 30 days after the

LEGAL02/36458466v3

entry of judgment herein, a written report under oath setting forth in detail the manner in which it has complied with the injunction ordered by the Court; and

2.      That Defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all collateral, advertisements and promotional materials bearing a mark that is confusingly similar to Plaintiff's HERITAGE GROUP Marks as described herein, including all electronic files; and

3.      That Defendants be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a) and California law, to pay to Plaintiff all of its profits from the sale of Defendants' goods and services bearing Plaintiff's Marks or a mark that is confusingly similar them, and that such profits be enhanced on the basis of Defendants' willful infringement of Plaintiff's marks and willful unfair competition; and

4.      That Defendants be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a) and California law, to pay to Plaintiff all damages sustained by Plaintiff as a result of its infringement of Plaintiff's Marks and unfair competition, and that such award be enhanced on the basis of its willful infringement and willful unfair competition; and

5.      That Defendants be ordered, jointly and severally and pursuant to 15 U.S.C. § 1117(a), to pay to Plaintiff its attorneys' fees and the costs and expenses of this action; and

6.      That Plaintiff be awarded pre-judgment and post-judgment interest; and

LEGAL02/36458466v3

7.     That Plaintiff be granted such other and further relief as the Court may deem just and proper.


DATED:  June 13, 2016             Respectfully submitted,

J. ANDREW HOWARD
KIMBERLY CHEMERINSKY
**ALSTON & BIRD LLP**


                                          /s/ J. Andrew Howard
J. Andrew Howard
Attorneys for Plaintiff
**HERITAGE GROUP, LLC**

LEGAL02/36458466v3